IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY FLORIDA

MICHAEL GALLUP, individually, and
SHARON GALLUP, individually,

    Plaintiffs,

v.

WAL-MART STORES EAST LP, d/b/a
WALMART #7299, a foreign corporation, and
WALMART, INC., a foreign corporation, and
XYZ CORPORATION (Corporation whose
correct legal identity is unknown but will be
substituted upon discovery),

    Defendants.

Case No.:

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, MICHAEL GALLUP and SHARON GALLUP, by and through their undersigned counsel, hereby sue the Defendants, WAL-MART STORES EAST LP, d/b/a WALMART #7299, WALMART, INC., (hereinafter referred to as "Walmart #7299" and "WALMART, INC."), and XYZ CORPORATION, and in support thereof allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000), exclusive of interest and costs.

2. At all times material hereto, the Plaintiff, MICHAEL GALLUP, was and is a resident of the Port St. Lucie, St. Lucie County, State of Florida and is otherwise sui juris.

3. At all times material hereto, the Plaintiff, SHARON GALLUP, was and is a resident of the Port St. Lucie, St. Lucie County, State of Florida and is otherwise sui juris.

EXHIBIT A

4. At all times hereto, Defendants, Walmart #7299 and WALMART, INC., are foreign corporations, with their principal place of business in Benton, Arkansas that conducts business in St. Lucie County, Florida and throughout the State of Florida.

5. At all times hereto, Defendants, Walmart #7299 and WALMART, INC., owned and operated the retail store located at 902 NW St. Lucie West Boulevard, Port St. Lucie, St. Lucie County, Florida, hereinafter referred to as the "subject premises." Defendant XYZ, Inc. is a fictitious party whose identity will be revealed through discovery and whose correct identity will be added by substitution. Defendant XYZ, Inc. either owned, operated or otherwise is responsible and liable for the crosswalks and parking lot areas of the "subject premises" in addition to or apart from the other named defendants.

6. At all times hereto, Defendants, Walmart #7299 and WALMART, INC., operated the subject premises, including the crosswalks and walkways to and adjacent to the parking lot and the parking lot.

7. Defendants, Walmart #7299 and Walmart, Inc., designed, constructed and maintained the crosswalks and walkways to and from the store to and through the parking lot including the travel lanes within the parking lot area.

8. On March 16, 2016, at approximately 2:50 p.m., Plaintiff, MICHAEL GALLUP, (hereinafter referred to as "Mr. Gallup"), exited the subject premises and entered a marked crosswalk to access the parking lot where his vehicle was parked.

9. While in the marked crosswalk, Mr. Gallup was struck by a 2013 Nissan Altima owned by Robert W. Korotas and driven by Vicki L. De Robertis Korotas (hereinafter referred to as "Mrs. Korotas").

10. Mr. Gallup sustained serious injuries as a result of being struck by the vehicle.

11. At approximately 2:52 p.m., the Port St. Lucie Police Department dispatched Officer A. Nunes, ID# 397, to the accident scene. At approximately 3:01 p.m., Officer Nunes arrived on scene and began the accident investigation. When officer Nunes arrived, St Lucie County Fire Rescue was transporting Mr. Gallup to Tradition Medical Center trauma center.

12. During the investigation, officers photographed the crosswalk and the vehicle that struck Mr. Gallup. Further, Officers viewed and obtained surveillance video from Walmart security personnel showing the vehicle driven by Mrs. Korotas striking Mr. Gallup. The video showed that because there was no stop sign for vehicles or other warnings for pedestrians at the crosswalk that Mr. Gallup stepped into, the vehicle proceeded through the crosswalk and struck Mr. Gallup.

13. There were no stop signs before the crosswalk area to stop vehicle traffic and allow pedestrian traffic through the crosswalk. The crosswalk attracted pedestrian traffic to cross the travel lane and there should have been a stop sign to prevent vehicles from travelling through the crosswalk.

14. The crosswalk at the Walmart #7299 crossed the Building Frontage Road and did not contain signage or safety devices (other than the painted crosswalk on the pavement) to facilitate a safe crossing from the store to the parking lot. Building frontages in front of retailers warrant well marked crosswalks and signage.

### COUNT I
### NEGLIGENCE – WALMART #7299

15. Plaintiff readopts and restates paragraphs 1 through 14 above as if set forth fully herein.

16. Plaintiff, Mr. Gallup, was a business invitee of the Defendant Walmart #7299 because he was on their property to visit and shop at the Walmart Store.

17. As such, Defendant Walmart #7299 owed a duty to the Plaintiff of reasonable care in the design, construction and maintenance of the crosswalks, walkways and parking lot

18. At all times hereto, Defendant Walmart #7299 owed a duty to maintain, operate and control the subject premises, in a reasonably safe manner, free from any unsafe, hazardous, dangerous and/or defective conditions.

19. At all times hereto, Defendant Walmart #7299 owed a duty to warn of any known dangerous, hazardous and/or defective condition on the subject premises, including, but not limited to dangerous crossing zones on frontage roads in front of the subject premises.

20. Defendant Walmart #7299 breached the previously described duties by negligently designing and constructing an unsafe and hazardous crosswalk on the frontage road of the subject premises in that:

    a) Failed to properly design the frontage road to slow traffic through the parking lot.

    b) Failed to place warning signs or STOP signs for pedestrians and vehicles.

    c) Failed to warn Plaintiff and others of the dangerous condition(s).

    d) Failed to correct the dangerous condition of the crosswalk and egress in and out of the subject premises.

    e) By letting the dangerous conditions exist on the premises for such a length of time that the Defendant knew or, with the exercise of reasonable care, should have known of its existence.

21. The breach of said duties of care owed to Plaintiff, MICHAEL GALLUP, constitutes negligence. It was foreseeable that the failure to properly design the parking lot, crosswalks and walkways as set out above would lead to an accident where a vehicle would collide with a pedestrian, as in this matter.

4

22. As a direct and proximate result of Defendant Walmart #7299's negligence, Michael Gallup suffered severe bodily injury, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings and the loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff, Michael Gallup, will suffer losses into the future.

WHEREFORE, the Plaintiff, MICHAEL GALLUP, demands judgment against Defendant Walmart #7299 for compensatory damages, interest, costs and all other relief as is just under the premises.

## COUNT II
## NEGLIGENCE – WALMART, INC.

23. Plaintiff realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

24. Defendant, WALMART, INC., upon information and belief, designs, constructs, approves and ratifies the design and construction of the walkways, crosswalks, travel lanes and parking lot at its various local stores, including Walmart store #7299.

25. Defendant Walmart Inc. has a duty to the customers, visitors and invitees of its various stores to design and construct the parking lot and adjacent walkways and crosswalks in a safe and prudent manner to make walking to or from the store to the parking lot a reasonably safe endeavor.

26. By failing to have properly markings or signage at the crosswalk in front of the store, Defendant, Walmart, Inc., breached its duty of care to business invitees including the Plaintiff.

27. As a direct and proximate result of the negligence of Defendant Walmart, Inc., the Plaintiff was seriously and permanently injured when a vehicle traveling in the travel lanes drove

into him in a crosswalk that had no stop sign or other warnings for drivers where the crosswalk was located.

28. Defendant, Walmart, Inc., breached the previously described duties by negligently designing and constructing an unsafe and hazardous crosswalk on the frontage road of the subject premises in that:

    a) Failed to properly design the frontage road to slow traffic through the parking lot.

    b) failed to place warning signs or STOP signs for pedestrians and vehicles.

    c) Failed to warn Plaintiff and others of the dangerous condition(s).

    d) Failed to correct the dangerous condition of the crosswalk and egress in and out of the subject premises.

    e) By letting the dangerous conditions exist on the premises for such a length of time that the Defendant knew, or with the exercise of reasonable care should have known of its existence.

29. The breach of said duties of care owed to Plaintiff, Michael Gallup, constitutes negligence. It was foreseeable that the failure to properly design the parking lot, crosswalks and walkways as set out above would lead to an accident where a vehicle would collide with a pedestrian, as in this matter.

30. As a direct and proximate result of Defendant Walmart Inc.'s negligence, Michael Gallup suffered severe bodily injury, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings and the loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff, Michael Gallup, will suffer losses into the future.

WHEREFORE, the Plaintiff, MICHAEL GALLUP, demands judgment against Defendant, WALMART, INC., for compensatory damages, interest, costs and all other relief as is just under the premises.

## COUNT III
## NEGLIGENCE – XYZ CORPORATION

31. Plaintiff realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

32. Defendant, XYZ CORPORATION, upon information and belief, either owns or co-owns the parking lot property at the Walmart location that is the subject of this complaint, and/or designs, constructs, approves and ratifies the design and construction of the walkways, crosswalks, travel lanes and parking lot at its various local stores.

33. Defendant, XYZ CORPORATION, has a duty to the customers, visitors and invitees of its various stores to design and construct the parking lot and adjacent walkways and crosswalks in a safe and prudent manner to make walking to or from the store to the parking lot a reasonably safe endeavor.

34. By failing to have properly markings or signage at the crosswalk in front of the store, Defendant, XYZ CORPORATION, breached its duty of care to business invitees including the Plaintiff.

35. As a direct and proximate result of the negligence of Defendant XYZ CORPORATION, the Plaintiff was seriously and permanently injured when a vehicle traveling in the travel lanes drove into him in a crosswalk that had no stop sign or other warnings for drivers where the crosswalk was located.

36. Defendant, XYZ CORPORATION, breached the previously described duties by negligently designing and constructing an unsafe and hazardous crosswalk on the frontage road of the subject premises in that:

7

a) Failed to properly design the frontage road to slow traffic through the parking lot.

b) failed to place warning signs or STOP signs for pedestrians and vehicles.

f) Failed to warn Plaintiff and others of the dangerous condition(s).

g) Failed to correct the dangerous condition of the crosswalk and egress in and out of the subject premises.

h) By letting the dangerous conditions exist on the premises for such a length of time that the Defendant knew, or with the exercise of reasonable care should have known of its existence.

37. The breach of said duties of care owed to Plaintiff, MICHAEL GALLUP, constitutes negligence. It was foreseeable that the failure to properly design the parking lot, crosswalks and walkways as set out above would lead to an accident where a vehicle would collide with a pedestrian, as in this matter.

38. As a direct and proximate result of Defendant XYZ CORPORATION's negligence, Michael Gallup suffered severe bodily injury, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings and the loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff, Michael Gallup, will suffer losses into the future.

WHEREFORE, the Plaintiff, MICHAEL GALLUP, demands judgment against Defendant, XYZ CORPORATION, for compensatory damages, interest, costs and all other relief as is just under the premises.

## COUNT IV
## LOSS OF CONSORTIUM

39. Plaintiff realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

31. At all times material hereto, Plaintiff, SHARON GALLUP, was the wife/spouse of Plaintiff, MICHAEL GALLUP.

32. As a direct and proximate result of the negligence of Defendants, WALMART #7299, WALMART INC., and XYZ CORPORATION, Plaintiff, SHARON GALLUP, lost the care, comfort, society, consortium, companionship and services of her husband, Plaintiff, MICHAEL GALLUP, has been injured thereby, and is entitled under law to recover against Defendants for these losses.

WHEREFORE, Plaintiff, SHARON GALLUP, demands judgment against Defendants, WALMART #7299, WALMART INC., and XYZ CORPORATION, in an amount which exceeds the jurisdictional requirements of this Court, plus interest and costs; and further demands such other and further relief as this Court may deem just, proper and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Dated, this 12th day of March, 2020.

        **COCHRAN FIRM - TREASURE COAST, LLC**
        5033 SE Federal Highway
        Stuart, Florida 34997
        Telephone: (772) 266-4159
        Facsimile: (772) 678-7566

By: _____
        **Marwan E. Porter, Esquire**
        Florida Bar No. 026813
        mporter@cochranfirm.com
        jdemusz@cochranfirm.com
        efile@theporterfirm.com
        *Attorneys for Plaintiff*