UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-14131-ROSENBERG/MAYNARD

MICHAEL GALLUP & SHARON
GALLUP,

      Plaintiffs,
v.

WAL-MART STORES EAST, LP,
et al.,

      Defendants.
                                            /

## ORDER DENYING PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Plaintiffs' Motion to File Amended Complaint at docket entry 34. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

In early 2016, Plaintiff Michael Gallup shopped at a store owned by Defendant Wal-Mart. DE 1-1 at 2.[1] Mr. Gallup exited the store and walked through a crosswalk. *Id.* While in the crosswalk, Mr. Gallup was struck by a vehicle owned and operated by non-parties. *Id.* In 2020, Mr. Gallup and his wife initiated this suit against Wal-Mart for negligence. *Id.* The basis for Plaintiffs' suit is that the crosswalk in front of the Wal-Mart should have had a stop sign. *Id.* at 3.

Plaintiffs seek leave to amend. Plaintiffs seek to add the store manager and the assistant store manager as Defendants. Wal-Mart opposes amendment, arguing that such an amendment would be futile as it is impossible for the store managers to be held liable. Thus, Wal-Mart argues that Plaintiffs' joinder of the store managers would be a fraudulent joinder intended to destroy diversity jurisdiction. A post-removal motion requesting joinder of a party should be closely

---

[1] These facts are taken from Plaintiffs' Complaint at docket entry 1.

scrutinized by the Court. *Access Pictures, LLC v. Sony Pictures Home Entm't, Inc.*, No. 16-CV-20529, 2017 WL 3107202, at *2 (S.D. Fla. Feb. 21, 2017). In considering whether to permit an amendment post-removal that would destroy diversity jurisdiction, the Court must consider the extent to which the purpose of the amendment is to defeat diversity jurisdiction. *Scipione v. Advance Stores Co.*, No. 12-CV-687, 2012 WL 3105199, at *2 (M.D. Fla. July 31, 2012). Courts may consider the doctrine of fraudulent joinder in making such a determination on a motion to amend. *Access Pictures*, 2017 WL 3107202, at *2.

Under Florida law an officer or employee of a company may be personally liable for a tort, even if that employee was operating within the scope of his or her employment, if the employee's acts were due to *personal* fault. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005). A joinder of a party may be deemed fraudulent when there is no possibility that a plaintiff can prove a cause of action against a non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, Wal-Mart has provided a sworn declaration in support of its Response. In the sworn declaration, Wal-Mart attests that its store managers have no authority or responsibility to alter the design of a Wal-Mart parking lot. DE 35-1. Because Plaintiffs' suit is premised on Wal-Mart's lack of a stop sign at a crosswalk, Wal-Mart has facially met its burden to provide evidence that joinder of the store managers would be futile—it would be fraudulent joinder. *See Pacheco v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (the Court may consider affidavits to determine whether a defendant was fraudulently joined).

The burden therefore shifts to Plaintiffs to file counter-affidavits; Plaintiffs have not done so and, as a result, the facts in support of Wal-Mart's Response are not resolved in favor of Plaintiffs. *See Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005). Furthermore, "When a

2

plaintiff seeks to join a party that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C. 1447(e) rather than the liberal amendment standards of Fed. R. Civ. P. 15." *Wade v. Dolgencorp, LLC*, 2009 U.S. Dist. LEXIS 108908 (M.D. Fla. 2009) (citing *Ingram v. CSX Transp., Inc.*, 146 F.3d 858 (11th Cir. 1998)); *see* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Here, instead of a counter-affidavit Plaintiffs rely upon interrogatory responses wherein Wal-Mart concedes that store managers have a duty to "monitor" parking lots. But this is not a case about parking lot monitoring. The Court is unaware of any case law that would impose a duty on store managers to station employees in crosswalks to regulate traffic. This is a case about parking lot design—the lack of the inclusion of a stop sign at a crosswalk. Wal-Mart has provided evidence that its managers have no authority or personal responsibility over parking lot design. This evidence has not been challenged by Plaintiffs.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to File Amended Complaint [DE 34] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of October, 2020.

*/s/ Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record